UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEVIN LEE ESTES,<br><br>     Plaintiff,<br><br> v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>     Defendants. | No. 08-5749FDB/JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR:<br>June 5, 2009 |

  This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4. Plaintiff is proceeding *in forma pauperis* (Dkt. # 3). Before the Court is defendant's motion to dismiss for failure to exhaust administrative remedies (Dkt. # 33). Having reviewed the complaint, the motion to dismiss with its attachments, and the response, the court recommends that the motion be GRANTED and this action be DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies prior to filing the action.

## FACTS

  Plaintiff is a Washington State inmate. He alleges the named defendants stalled on making copies for him. He alleges they also refused to make copies for him, and that his mail, including legal mail, was blocked. Plaintiff alleges a denial of access to courts (Dkt. # 4).

Report and Recommendation- 1

Defendants move to dismiss for failure to exhaust administrative remedies prior to filing the action (Dkt. # 35). Defendants have placed before the court the affidavit of Devon Schrum. The affidavit shows plaintiff did not exhaust either of the grievances he filed regarding the facts surrounding this litigation (Dkt. # 35, exhibit 1). Further, plaintiff uses this case number in a level two grievance response to grievance number 0828479, which definitively shows the process was not complete prior to filing this action (Dkt. # 35, exhibit 1, attached grievances). Plaintiff's response cites to documents not properly before the court and does not contradict defendant's evidence (Dkt. # 40).

## STANDARD OF REVIEW

The burden of pleading and proving failure to exhaust administrative remedies in the civil rights context is normally defendants. The court may consider evidence outside the pleading without converting the motion to a motion for summary judgment. <u>Wyatt v. Terhune</u>, 315 F3d. 1108 (9th Cir. 2003). A motion to dismiss for failure to exhaust administrative remedies is an unenumerated 12 (b) motion.

## DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court. The relevant portion of the act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The PLRA applies to plaintiff. The United States Supreme Court determined that Congress enacted the provision in order to reduce the quantity and improve the quality of prisoner suits. <u>Porter v. Nussle</u>, 534 U.S. 516 (2002). By mandating exhaustion, Congress

Report and Recommendation- 2

enabled corrections officials to address prisoner complaints internally. Where exhaustion was once discretionary, it is now mandatory. "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter v. Nussle, 534 U.S. 516 (2002) (quoting Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court ruled that "§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." Porter, 534 U.S. at 520.

Plaintiff has failed to exhaust available remedies prior to filing this action. The fact that plaintiff is able to provide a cause number for this case in his level two response shows definitively that this action was filed prior to the grievance being appealed. Accordingly, this action should be **DISMISSED WITHOUT PREJUDICE**.

## CONCLUSION

This court recommends that the motion to dismiss for failure to exhaust be GRANTED. This dismissal should be DISMISSAL WITHOUT PREJUDICE and would not count as a strike pursuant to 28 U.S.C. 1915(g). Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also,* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 5, 2009,** as noted in the caption.

DATED this 11th day of May, 2009.

/s/ J. Richard Creatura
J. Richard Creatura
United States Magistrate Judge

Report and Recommendation- 3